The Honorable Lance Reynolds State Representative Post Office Box 477 Quitman, Arkansas 72131-0477
Dear Representative Reynolds:
This is in response to your request for an opinion on two questions regarding access to cemeteries. Your request states that the gates to an "abandoned" cemetery have been locked, preventing family members from visiting and taking care of the graves therein. Your specific questions in this regard are as follows:
 1. Is there any method or mechanism in which private citizens can gain access to an abandoned cemetery against the wishes of the surface right's owners?
 2. If the answer to question 1 is "yes," what involvement does the county have in this event?
RESPONSE
The answer to your first question regarding access will depend largely upon the nature of the cemetery to which access has been blocked. The provisions of A.C.A. § 5-39-212 prohibit blocking access to certain cemeteries, excepting certain private family burial plots that contain fewer than six (6) commercial grave markers. Violation of the statute is punishable by a fine for every day that a violation exists. In response to your second question, the prosecuting attorney (a state official), is the person empowered to enforce A.C.A. § 5-39-212, assuming the particular cemetery is covered by the provisions of that statute. *Page 2 
 Question 1 — Is there any method or mechanism in which privatecitizens can gain access to an abandoned cemetery against the wishes ofthe surface right's owners?
The answer to the question regarding enforcement of access will depend largely upon the nature of the cemetery to which access has been blocked. An Arkansas statute prohibits blocking access to certain cemeteries. Arkansas Code § 5-39-212 (Repl. 2006) provides as follows:
 (a)(1) It is unlawful for any person, firm, corporation, partnership, or association to construct any fence on any property in such a manner as to enclose any cemetery, graveyard, or burying place unless reasonable access by automobile to the cemetery is provided by gate or otherwise.
 (2) As used in this subsection, "cemetery" is not intended to apply to any private family burial plot that:
 (A) Contains fewer than six (6) commercial grave markers;
 (B) Has not been used for a burial purpose for at least twenty-five (25) years; and
 (C) Has not had an access road to the burial plot for at least thirty (30) years.
 (3) Nothing in this section prohibits the placement of a fence around any cemetery for the purpose of defining a boundary or protection of a grave site, if any fence or gate is sufficiently maintained.
Violation of this provision constitutes a misdemeanor and subjects the violator to a fine of not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00). A.C.A. § 5-39-212(b)(1). Every day that the violation exists constitutes a separate offense. Id. at (b)(2). *Page 3 
Whether the cemetery in question will come within the protection provided by A.C.A. § 5-39-212 will depend upon whether it meets the criteria listed. If so, access may be enforced by the filing, or threat of filing criminal charges by the prosecuting attorney. If not, blocking access to such cemetery is not a criminal offense. In that event, the interested private citizens should consult private counsel as to any available avenues of relief. See, e.g., Bowen v. Hooper, 237 Ark. 250,372 S.W.2d 257 (1963).
Question 2 — If the answer to question 1 is "yes," what involvementdoes the county have in this event?
As noted above, A.C.A. § 5-39-212, as a criminal statute, is enforced by the local prosecuting attorney (a state official). I will note, however, that state law provides for the creation of county "abandoned cemetery registration boards," which may provide for "minimum maintenance" of certain abandoned cemeteries. A.C.A. § 20-17-907
through-911 (Repl. 2005). The members of the board are appointed by the county judge. A.C.A. § 20-17-907(a). If there is no existing public access to the cemetery, the private landowner's permission is required for the maintenance to occur. A.C.A. § 20-17-907(a)(2) and 910(a). Again, barring one of these remedies, the parties involved should consult private legal counsel to determine any other available avenues of relief.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General *Page 1